# MEMORANDUM ENDORSEMENT

Snellinger v. Federal National Mortgage Association, et al., 19 cv 6574 (NSR)

The Court is in possession of the attached pre-motion letter from Plaintiff, dated January 14, 2020 (ECF No. 18). The Court waives the pre-motion conference requirement and grants Plaintiff leave to cross-move to amend the pleadings.

The existing motion schedule is altered as follows: Plaintiff's opposition to Defendants' motions and cross-moving papers shall be served **(not filed)** February 5, 2020; Defendants' replies and cross-opposition papers shall be served **(not filed)** March 6, 2020; and Plaintiff's cross-reply papers shall be served March 23, 2020. **All motion documents shall be filed on the cross-reply date, March 23, 2020.**

The Clerk of the Court is respectfully requested to terminate the motion (doc. 18).

Dated: January 14, 2020
White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2020

# FOULKE LAW FIRM
*55 Main Street, 2nd Floor*
*Goshen, New York 10924*
*Phone: (845) 294-4308   Fax: (845) 294-4309*
*E-mail: mranis@foulkelaw.com*

**New Jersey Office:**
577 Eder Avenue
Wyckoff, NJ 07481
Phone: (877) 368-5535

January 14, 2020

**Via ECF & Facsimile: 914-390-4179**
Honorable Nelson Stephen Roman
United States District Court
Southern District of the State of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    John Snellinger v. Federal National Mortgage Association ("Fannie MAE"), et al.
            Docket No.: 7:19-cv-06574-NSR

Dear Judge Roman:

        This office represents the plaintiff, John Snellinger ("Snellinger") in the above referenced matter. Pursuant to Your Honor's individual practice rule 3A(ii), we write to request a pre-motion conference in connection with plaintiff's anticipated motion to amend the pleadings pursuant to Fed.R.Civ.P 15 (a)(2).

        As alleged in plaintiff's complaint, Snellinger was injured on August 3, 2017 at approximately 12:07 p.m. at 24 Drago Lane, Wallkill, NY. Snellinger presented on the scene as a police officer prior to the empty property being boarded up. While there he was caused to become seriously injured by the dilapidated and broken conditions that he encountered that were allowed to exist on the premises.

        This matter is in its earliest stages procedurally. Plaintiff Snellinger commenced this action in New York State Supreme Court Orange County by service of a summons and verified complaint upon defendants. Defendant Fannie Mae thereafter removed this matter to this court. Defendant Fannie Mae has filed an answer to plaintiff's complaint, with affirmative defenses. Co-defendant Bayview Loan Servicing has not filed an answer to date.

        To date, no discovery at all has been exchanged between the parties. Both defendants have filed dispositive motions. Fannie Mae has moved for judgment on the pleadings, pursuant to Fed.R.Civ.P 12(c). Bayview Loan Servicing has moved pursuant to Fed.R.Civ.P 12(b)(6) for dismissal for alleged failure to state a claim against them.

        On January 9, 2020, I telephoned the offices of counsel for both Fannie Mae and

Bayview Loan Servicing, requesting a voluntary stipulation from the defendants so that plaintiff could amend its pleadings pursuant to Fed.R.Civ.P 15(a)(2). Yesterday afternoon I received a telephonic response from counsel for defendants, indicating they were both declining to give consent for plaintiff to amend its pleadings. As such, it has become necessary for plaintiff to request leave of court to amend its pleadings at this pre-discovery juncture.

It is therefore requested at this time that the court grant leave to plaintiff to amend its pleadings. Pursuant to Fed.R.Civ.P 15(a)(2), the court should fairly give leave when justice so requires. In this case, there is no trial date set. Indeed, no discovery has been provided by either of the defendants. Further, defendant Bayview Loan Servicing has yet to file their answer to the complaint.

Defendants have raised some objections to plaintiff's pleadings in their moving papers. Those objections can be addressed by simple amendment of plaintiff's pleadings. Among other things, the defendants object to plaintiff's pleadings by asserting that plaintiff did not specifically plead that the subject premises where plaintiff was injured was vacant and abandoned as referenced in RPAPL § 1307 and 1308. This will advise that I have spoken to my client regarding same and he confirms that at the time he inspected the subject premises on the day of his accident, the premises known as 24 Drago Lane, Middletown, NY was vacant and abandoned with one or more broken windows, the furniture in the home had been removed and the house was empty. Plaintiff has already pled the property was in dilapidated condition and that there were break-ins to the property.

Additionally, plaintiff intends to amend the pleadings to add Ranchand Deoki and Shandhya Deoki as additional parties to the action. The Deokis were not residing at the subject premises on the day of plaintiff's accident; they were however the record holders of the last duly recorded deed to the property as of the day of the accident. Therefore, they are a proper and necessary party to this action.

Based upon the foregoing, as plaintiff plans to move to amend the pleadings, it makes great sense to adjourn the motions pending before the court pending the amendment of the pleadings. Currently, the court's initial deadline for plaintiff's response to defendants' motions is January 17, 2020; defendants' reply papers are due by February 3, 2020. A thirty day adjournment of those dates would be sufficient. Should the court instruct the parties to appear for a pre-motion conference, we look forward to discussing these issues with the court at the conference.

Respectfully submitted,

Louis K. Szarka

cc:   Goldberg Segalla, LLP
      Locke Lord LLP