UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SNELLINGER

                Plaintiff,

  -against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION d/b/a FANNIE MAE &
BAYVIEW LOAN SERVICING,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/27/2022

19-cv-6574 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Plaintiff John Snellinger ("Plaintiff") commenced this action on or about July 8, 2019 against Defendants Federal National Mortgage Association d/b/a Fannie Mae ("Fannie Mae") and Bayview Loan Servicing ("Bayview") (together, "Defendants") alleging failure to maintain a property in violation of New York's Real Property Action Laws ("RPAPL") and common law negligence. (ECF No. 5.) On July 16, 2019, Fannie Mae removed the action to this Court. (ECF No. 5.) On March 19, 2021, the Court issued an Opinion and Order granting in part and denying in part (1) Fannie Mae's motion for judgment on the pleadings (ECF No. 22), (2) Bayview's motion to dismiss the Complaint (ECF No. 44), and (3) Plaintiff's cross-motion to amend the Complaint (ECF No. 47). Plaintiff then filed the First Amended Complaint on July 8, 2021. (ECF No. 60.) Presently before the Court are motions to strike certain language within the First Amended Complaint filed by Fannie Mae and Bayview. (ECF Nos. 78 & 88.) For the following reasons the motions are DENIED.

**BACKGROUND**

The following facts are taken from the First Amended Complaint ("FAC") unless otherwise noted.

Plaintiff is a Town of Wallkill police officer. (FAC ¶ 37.) Fannie Mae is a federal corporation licensed to do business in New York as a financial institution by way of providing mortgages to homeowners. (*Id*. ¶ 7-8.) Bayview is a foreign corporation licensed to do business in New York as a financial institution by way of servicing homeowner mortgages. (*Id*. ¶ 11-12.)

On August 3, 2017, Plaintiff entered the premises of a property located at 24 Drago Lane in Wallkill, New York (the "Property") as part of his official police duties to determine if anyone was located inside the premises prior to it being boarded up. (*Id*. ¶ 16; 37.) Upon arriving, Plaintiff saw a broken window and attempted to enter the premises through the window. (*Id*. ¶ 38.) Plaintiff fell and suffered significant injuries due to the condition of the premises. (*Id*. ¶ 39.) Plaintiff's injuries rendered him sick, sore, lame, disabled, and he still suffers from grave physical injury which prevents him from pursuing his chosen profession. (*Id*. ¶ 41.)

As of August 3, 2017, Fannie Mae owned, controlled, and/or was responsible for the Property. (*Id*. ¶ 10.) On or before August 3, 2017, Fannie Mae obtained a judgment of foreclosure and sale as to the Property. (*Id*. ¶ 15.) The Property was then sold by way of Memorandum of Sale on May 7, 2017. (*Id*. ¶ 16.) The Deed for the sale was granted on August 30, 2017 and recorded on September 7, 2017. (*Id*.) On or before August 3, 2017, Fannie Mae retained Bayview to manage and/or service the Property. (*Id*. ¶ 13.)

On March 19, 2021, the Court issued an Opinion and Order granting in part and denying in part (1) Fannie Mae's motion for judgment on the pleadings (ECF No. 22), (2) Bayview's motion to dismiss the Complaint (ECF No. 44), and (3) Plaintiff's cross-motion to amend the Complaint. (ECF No. 47.) Specifically, the Court dismissed Plaintiff's RPAPL claims as there is

2

no private right of action under Section 1307, and the right to enforce obligations under Section 1308 are limited to the superintendent of financial services and the municipality in which the Property is located.  (*Id*.)  Plaintiff's allegations that Defendants negligently cared for the Property survived.  (*Id*.)  The Court also granted leave for Plaintiff to file the FAC, which he did on July 8, 2021.  (ECF No. 60.)  Defendants then filed motions to strike on November 2, 2021 and November 22, 2021.  (ECF Nos. 78 & 88.)

## STANDARD OF REVIEW

Rule 12(f) provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The purpose of Rule 12(f) is to create a clear mechanism for the court to save time and expense by eliminating certain items from pleadings when the items clearly lack merit, and also for the court to dispose of irrelevant allegations.  *See Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) ("The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case.").  In considering whether a claim is immaterial for the purposes of a motion to strike, "[a]n allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *Anderson v. Davis Polk & Wardwell, LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012).  "Thus, to prevail on a Rule 12(f) motion to strike, the movant must show '(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant.'" *Lynch v. Southampton Animal Shelter Found., Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

**DISCUSSION**

Fannie Mae is requesting the Court strike Plaintiff's reference to RPAPL § 1307. Specifically, paragraph 15 of the FAC states:

> That on or before August 3, 2017, defendant Fannie Mae, as a plaintiff in a 'Mortgage Foreclosure Action' who obtained a 'judgment of foreclosure and sale' was obligated and required to 'maintain such property' until it is transferred by way of the closing of the title and the Deed for the property is recorded. Those obligations are set forth in the New York State Real Property Actions and Proceeding Law ('RPAPL') § 1307.

(ECF No. 60 ¶ 15.) Similarly, Bayview is requesting the Court strike Plaintiff's reference to RPAPL § 1308. Specifically, paragraph 18 of the FAC states: "[a]dditionally, defendant Bayview had duty to inspect, maintain, secure, and keep the property in good repair pursuant to the requirements of RPAPL § 1308." (*Id.* ¶ 18.)

Both parties aver that Plaintiff's references to the RPAPL directly contravene this Court's Opinion and Order and are immaterial as they have no bearing on whether Defendants breached any duty to Plaintiff. (Defendant Federal National Mortgage Association's Memorandum of Law in Support of its Motion to Strike Plaintiff's First Amended Complaint Under Fed. R. Civ. P. 12(f) ("Fannie Mae's Mem.") ECF No. 80 at 3-5; Memorandum of Law in Support of Bayview's Motion to Strike ("Bayview's Mem.") ECF No. 89 at 3-4.) In response, Plaintiff argues that the relevant paragraphs in the Amended Complaint are drawn directly from this Court's Opinion and Order and are relevant to resolving whether Defendants maintained possession and control of the property. (Plaintiff's Memorandum of Law in Opposition to Federal National Mortgage Association ("Fannie Mae")'s Motion to Strike ("Fannie Mae Opp.") ECF No. 82 at 7; Plaintiff's Memorandum of Law in Opposition to Bayview Loan Servicing's Motion to Strike ("Bayview Opp.") ECF No. 86 at 7.) The Court agrees with Plaintiff.

4

To succeed on his negligence claims, Plaintiff must show (1) duty; (2) breach; (3) causation; and (4) damages. *S.W. v. City of New York*, 46 F. Supp. 3d 176, 205 (E.D.N.Y. 2014). As the Court discussed in its previous Opinion and Order, out-of-possession mortgage holders and titleholders who neither maintained nor controlled the relevant premises cannot be held responsible for common law negligent failure to maintain the premises. *Moran v. Regency Sav. Bank*, 799 N.Y.S.2d 29, 29 (2005); *Jackson v. Fed. Home Loan Mortg. Corp.*, 1996 WL 1088201, at *2 (E.D.N.Y. 1996). Therefore, whether Defendants controlled and/or were responsible for the property, including whether Defendants had a statutory duty to maintain and/or control the property, is clearly relevant. As the Court previously held, "RPAPL § 1307 permits—and in fact, obligates—Fannie Mae to maintain and exercise control over the Property under certain circumstances" and "Plaintiff's allegation that Bayview 'controlled and/or was responsible' for the Property, coupled with the potential obligations § 1308 imposes on Bayview to maintain the Property, suggest that Bayview may have maintained, controlled, or reserved the right to reenter the premises." (ECF No. 52 at 10-11.) Therefore, the Court cannot hold that the relevant allegations have no bearing on the issue of common law negligence.

## **CONCLUSION**

For the foregoing reasons, Fannie Mae's motion to strike is DENIED and Bayview's motion to strike is DENIED.  Fannie Mae is directed to answer the First Amended Complaint on or before June 13, 2022.

The Clerk of the Court is directed to terminate the motions at ECF Nos. 78 & 88.

Dated:   May 27, 2022                                                                        SO ORDERED:

White Plains, New York

_____

NELSON S. ROMÁN

United States District Judge