UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN SNELLINGER,

                              Plaintiff,

                 -against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION et. al.,

                             Defendants.
-----------------------------------------------------------------X

7:19-cv-06574-NSR-VR

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

    Currently before the Court is Plaintiff John Snellinger's ("Snellinger") motion to reconsider, pursuant to Local Civil Rule 6.3, Magistrate Judge Paul E. Davison's (*ret.*) Order denying Plaintiff leave to file a third amended complaint. For the reasons that follow, Plaintiff's motion is DENIED.

**BACKGROUND**[1]

    On July 8, 2019, Snellinger brought this personal injury action in New York State Supreme Court and on July 16, 2019, the Federal National Mortgage Association ("FNMA") removed this action to this court. (ECF No. 5). On March 19, 2021, Judge Nelson Román denied in part Defendants' motion to dismiss and motion for judgment on the pleadings and granted Snellinger's cross-motion to amend his complaint. (ECF No. 52). Snellinger filed his first amended complaint on April 16, 2021, but due to a filing error, that complaint was not accepted onto the docket until July 15, 2021. (ECF Nos. 56 and 60). On July 14, 2022, Judge Román issued the first Case Management and Discovery Plan, which set November 1, 2022, as

---

[1] Familiarity with the facts of the case and the procedural history is assumed. Consequently, this Opinion only recounts the most relevant facts and procedural history.

the deadline for amended pleadings. (ECF No. 97). On October 31, 2022, FNMA filed an amended answer to the first amended complaint. (ECF No. 103). On November 1, 2022, Snellinger filed a second amended complaint. (ECF No. 104).

On November 3, 2022, during a telephonic status conference with Judge Davison, Plaintiff's counsel mentioned his desire to file a third amended complaint. On December 15, 2022, Snellinger filed a letter requesting leave to file a motion to amend, to which Defendants responded on January 13, 2023. (ECF Nos. 115 and 120). On January 5, 2023, Judge Davison issued a second case management plan and did not change the previous amended pleadings deadline of November 1, 2022. (ECF No. 119). During a January 23, 2023, teleconference, Judge Davison set a briefing schedule for Snellinger's motion to amend. Snellinger filed a motion to amend his complaint on February 13, 2023, Defendants filed their response on March 6, 2023, and Plaintiff filed their reply on March 10, 2023. (ECF Nos. 123, 129 and 132). On May 10, 2023, Judge Davison issued an order denying Plaintiff's motion to amend. (ECF No. 140).

On May 23, 2023, pursuant to Local Civil Rule 6.3, Plaintiff filed a motion for reconsideration of Judge Davison's May 10 Order. (ECF No. 141).[2] On June 5, 2023, Defendants filed their opposition, to which Plaintiff filed a reply on June 9, 2023. (ECF Nos. 142 and 143).

## DISCUSSION

### I.     Standard of Review

Under Local Rule 6.3, a party moving for reconsideration of a court order must "set[ ] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has

---

[2] On May 31, 2023, this case was reassigned to the undersigned.

overlooked." Local Civ. R. 6.3.  "[A] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Occilien v. Related Partners, Inc.*, No. 19 Civ. 7634, 2021 WL 1222289, at *1 (S.D.N.Y. Apr. 1, 2021) (citation omitted).

## II.     Effects of Long COVID

Snellinger's motion for reconsideration largely reiterates the argument from his motion to amend that he could not comply with the November 1, 2022, deadline because Plaintiff's counsel at the time was suffering from Long COVID-19. (ECF Nos. 123-4 and 141-1).  Plaintiff thus argues that Judge Davison "overlooked" the significance and lasting effects of counsel's Long COVID-19 infection and, instead, improperly focused on the amount of time that Plaintiff's counsel was out of the office.  (ECF No. 141-1 at p. 7).

However, a plain reading of Judge Davison's opinion indicates that he did, in fact, review the evidence of counsel's Long COVID-19 infection and addressed it directly in his opinion:

> The associate indicated that he continues to suffer from symptoms of long COVID. [Id. at 4.] The Court is sympathetic to this associate's plight with long COVID. Nonetheless, even accounting for the time that the associate counsel was unavailable, counsel was sick with COVID weeks prior to the deadline to file an amended pleading. Further, even accounting for the effects of long COVID, counsel nonetheless noted that after October 19th, he was able to work full days. [Dkt. 123-3 at 4.] Accordingly, in this

3

>instance, COVID does not explain counsel's failure to comply with the scheduling order and counsel [ ] fails to show good cause." (ECF No. 140 at p. 4).

Thus, far from "overlooking" plaintiff's evidence, Judge Davison considered it and found it unpersuasive. *Id.* Importantly, "a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (summary order) (quotation marks and citation omitted).

Moreover, prevailing on a motion for reconsideration is a high bar and the moving party must identify overlooked matters that would alter the conclusion reached by the court. *Van Buskirk*, 935 F.3d at 54; *Iowa Pub. Employees' Ret. Sys.*, 973 F. Supp. 2d at 462, aff'd, 558 F. App'x 138 (2d Cir. 2014). Here, the record evidence supports Judge Davison's ruling that Snellinger failed to show good cause for not complying with the November 1, 2022, deadline. For instance, as early as October 19, 2022, Plaintiff's counsel was able to participate in court proceedings and, as Judge Davison noted, increased his working hours beyond half days. (*See* ECF No. 123-3 at p. 5; ECF No. 140 at p. 4). Judge Davison also noted that despite the effects of long COVID, "counsel was able to file a timely second amended complaint, asserting claims against M&M." (ECF No. 140 at 5). Based on these facts, Judge Davison concluded that "the Court is not persuaded and cannot excuse Plaintiff's delay in seeking to further amend his complaint." *Id.* Plaintiff has failed to identify an overlooked matter that would alter that conclusion.

### III. Federal Rules of Civil Procedure 15 and 16

Plaintiff also argues that Judge Davison failed to properly "balance" Federal Rule of Civil Procedure 15(a)(2) with Rule 16(b)(4). (ECF No. 141-1). Plaintiff relies on *Holmes v. Grubman* for the proposition that the lenient Rule 15(a) standard "must be balanced" against the

4

Rule 16 good cause standard.  568 F.3d 329, 334-5 (2d Cir. 2009) (quoting *Grochowski v Phoenix Constr.,* 318 F.3d 80, 86 (2d. Cir. 2003)) ("The lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'").  However, Snellinger misinterprets Second Circuit precedent and fails to establish that Judge Davison did not consider binding authority or made a clear error of law.

The Second Circuit, in *Parker v. Columbia Pictures Indus.,* first addressed the interplay between Rule 15(a), which provides for amendments to the pleadings, and Rule16(b), which directs district court judges to set scheduling orders limiting the time to make such amendments:

> Rule 15(a) requires courts to grant leave 'freely…where justice so requires,' and we have held repeatedly that 'mere delay' is not, of itself sufficient to justify denial of a Rule 15(a) motion. We have not yet had occasion, however, to balance that principle with Rule 16(b)'s requirement that scheduling orders 'shall not be modified except upon a showing of good cause.'

*Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal citations omitted). After surveying the approach taken by other courts, the Second Circuit noted that "[s]everal circuits have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Id.* (collecting cases). Persuaded by the reasoning of those courts, the Second Circuit concluded that "[w]e now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause. Moreover, we agree with these courts that a finding of 'good cause' depends on the diligence of the moving party." *Id.* More recently, the Second Circuit reiterated that after the liberal amendment period of Rule 15 ends, the plaintiff may amend their

5

complaint "*only* up[on] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021) (emphasis added). Thus, despite the lenient Rule 15 standard, this Court need only establish that a party failed to show good cause (the Rule 16 standard) to deny a motion to amend. *Id.* That is precisely what Judge Davison did here. (ECF No. 140).

### IV. Resolution on the Merits

Plaintiff also argues (as he has done multiple times) that this Court should have granted their motion to amend to enable this case to be decided on the merits. (ECF Nos. 123-4 at p. 8; 141-1 at p. 9; and 143 at p. 6). But, again, a motion for reconsideration is not an opportunity to relitigate old issues or otherwise take a second bite at the apple. *Salveson*, 663 F. App'x at 75 (2d Cir. 2016).

At this point, the main inquiry is whether Judge Davison overlooked matters that might reasonably be expected to alter the conclusion reached by the court. *Van Buskirk*, 935 F.3d at 54. For the reasons stated above, Judge Davison did not.

### CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration is DENIED. The clerk of the Court is respectfully requested to terminate the pending motion (ECF No. 141).

**SO ORDERED.**

DATED:   White Plains, New York
         July 26, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge