UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SNELLINGER,<br><br>      Plaintiff,<br><br>-against-<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), BAYVIEW LOAN SERVICING, LLC, RAMCHAND DEOKI and SANDHYA DEOKI,<br><br>      Defendants. | Civil Action No.:<br>7:19-cv-06574-NSR-VR<br><br>**STIPULATION OF<br>CONFIDENTIALITY AND<br>PROTECTIVE ORDER** |

  This matter having come before the Court by stipulation of the Defendants Bayview Loan Servicing, LLC nka Community Loan Servicing, LLC ("Community") and Federal National Mortgage Association ("FNMA") plaintiff John Snellinger (individually "Party" and collectively "Parties") for the entry of a protective order pursuant to Federal Rule of Civil Procedure 30(c) ("Protective Order"), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by the Parties and their respective counsel in the course of the litigation in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel and themselves, having stipulated and agreed to the terms set forth herein, and good cause having been shown; and

  WHEREAS the Parties desire to exchange documents and/or information for the purposes of the above-caption action (the "Action"); and

  WHEREAS the Parties request that this Court issue a protective order to protect the confidentiality of nonpublic and competitively sensitive third party information they may need to disclose in connection with the litigation and discovery in this action; and

  WHEREAS this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the discovery phase of this action;

96101935.1

WHEREAS Plaintiff seeks the following documents from the Community regarding agreements with a property preservation vendor for the period 2016 to August 2017, to wit:

1. Copies of Vendor Servicing Agreements for Property Preservation between Community and M & M Mortgage Services for the period 2016-August 2017.

WHEREAS documents and information may be sought, produced or exhibited by and among the Parties relating to non-public information, trade secrets, confidential research, development, confidential commercial information, confidential applicant or employee information, technology or other proprietary information belonging to the Parties and/or personal income, credit and other confidential information of Community and FNMA;

WHEREAS this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the discovery phase of this action;

1. This Protective Order is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties may agree merits confidential treatment (hereinafter the "Documents" or "Testimony").

2. As used in this Protective Order, "Documents" shall mean any documents, records, or data in any form, including documents, electronically-stored information, videotapes, audio recordings, and physical evidence or materials.

3. Either party may designate Documents produced, or Testimony given, in connection with this Action as "confidential," or "highly confidential – attorney's eyes only," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

4. All Confidential Information shall be securely maintained and kept confidential in accordance with the terms of this Protective Order.

5. No Party shall disseminate Confidential Information, except as permitted by the terms of this Protective Order. The obligations of any recipient of Confidential Information pursuant to this Protective Order shall survive the resolution of this Action and/or the expiration or termination of this Protective Order.

6. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which a party determines would be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(b) "Highly Confidential – Attorney's Eyes-Only Information" shall mean any "Confidential Information" that is of such a private, sensitive, competitive or proprietary nature that present disclosure to persons other than those identified below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

(c) "Producing Party" shall mean the Subpoenaed Parties identified in the preamble producing "Confidential Information" or "Highly Confidential – Attorney's Eyes Only Information" in connection with depositions, document production, or otherwise in this Action, or the Party or non-party asserting the confidentiality privilege, as the case may be.

96101935.1

(d) "Receiving Party" shall mean the Party to this Action receiving "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" in connection with depositions, document production, or otherwise in this Action.

7. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information." If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information." If such motion is filed, the documents or other materials shall be deemed Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" unless and until the Court rules otherwise.

8. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties to this Protective Order actually engaged in assisting in the preparation of this Action for post-judgment enforcement other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the Parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) the Court and court personnel, if filed in accordance with paragraph 11 hereof;

4

96101935.1

(d) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 12 hereof;

(e) deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 11 and 12, respectively, hereof; and

(f) any other person agreed to by the Producing Party.

9. Except with the prior written consent of the Producing Party or by Order of the Court, Highly Confidential – Attorney's Eyes-Only Information shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 8(b)-8(f).

10. Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall be used by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.

11. If the documents, materials, and/or information which are the subject of this Protective Order are to be disclosed to technical consultants and/or experts to assist in the investigation and evaluation of this matter, the Receiving Parties' counsel shall first obtain the written agreement of such technical consultant and/or expert to be bound by the terms of the Protective Order. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature of any such technical consultant and/or expert on a Non-Disclosure Agreement in the form annexed as Exhibit A stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

96101935.1

12. Should the need arise for any of the Parties to disclose Confidential Information or "Highly Confidential - Attorney's Eyes-Only Information" during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information or Highly Confidential – Attorney's Eyes-Only Information.

13. Should the need arise for any of the Parties to file Confidential Information or Highly Confidential – Attorney's Eyes-Only Information as part of any pleadings, motions, or other papers filed with this Court, the Parties will use their reasonable best efforts to minimize the filing of Confidential Information or Highly Confidential – Attorney's Eyes-Only Information under seal. Prior to filing any Confidential Information or Highly Confidential – Attorney's Eyes-Only Information, the Receiving Party shall give reasonable notice to the Producing Party, which shall thereafter promptly either move for a sealing order or forego objection to the filing of such Confidential Information on the basis of confidentiality.

(a) A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information," or (ii) any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall file the document, pleading, brief, or memorandum on the PACER Electronic Filing system ("PACER") in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted

Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(b) In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" unredacted.

(c) If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the PACER system. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

(d) Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 12 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information"

96101935.1

shall identify such documents by the production number ascribed to them at the time of production.

14. This Protective Order shall not preclude counsel for the Parties from using during any deposition in this Action any documents or information which have been designated as "Confidential Information" or "Highly Confidential – Attorney's Eyes-Only Information" under the terms hereof. Any stenographer and deposition witness who is given access to Confidential Information or Highly Confidential – Attorney's Eyes Only Information shall, prior thereto, be provided with a copy of this Protective Order and shall execute the Non-Disclosure Agreement annexed hereto.

15. Any person receiving Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" so as to prevent unauthorized disclosure.

16. Any notes, lists, memoranda, extracts, summaries or compilations containing Confidential Information or Highly Confidential – Attorney's Eyes Only prepared wholly or in part upon examination of confidential documents or material being produced under this Protective Order shall not be disseminated to anyone not authorized to examine the documents or materials produced. Such persons authorized to examine the documents or materials produced may provide such notes, lists, memoranda, extracts, summaries, index or compilation upon the same terms and conditions as set forth for the dissemination of confidential materials as set forth in this Agreement.

8

96101935.1

17. At no time do the Parties intend to disclose information subject to a claim of attorney-client privilege, work product protection, or any other privilege or protection. If, nevertheless, a Party that inadvertently discloses ("Disclosing Party") such privileged or protected information ("Inadvertently Disclosed Information") to another Party ("Receiving Party"), the following provisions will apply:

    a. The disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter;

    b. If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall immediately cease using, copying, or distributing the Inadvertently Disclosed Information, and shall return or certify the destruction of, within five (5) calendar days, all copies of such information, including any document created by the Receiving Party based upon such information to the Disclosing Party; and

18. The production or disclosure of Confidential Information or Highly Confidential – Attorney's Eyes Only shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

19. The delay or failure of a Party to exercise any right, power or privilege hereunder, or failure to strictly enforce any breach or default shall not constitute a waiver with respect thereto. The waiver of any right, power, privilege, breach or default by a Party on any one occasion shall not constitute a waiver of such right, power, privilege, breach or default on a subsequent occasion.

9

96101935.1

20. Nothing in this Protective Order shall restrict or limit a Party from distributing or disseminating its own documents, materials or information.

21. Each of the Parties represents that the person executing this Protective Order on its behalf has the full authority and power to execute for and bind such Party.

22. This Protective Order shall continue to be binding after the conclusion of this litigation, except: (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both Parties, continue to be binding after the conclusion of this Action.

23. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

24. Within sixty (60) days after the final termination of this Action, by settlement or exhaustion of all appeals, or satisfaction of Judgment all Confidential Information or Highly Confidential – Attorney's Eyes Only Information produced or designated and all reproductions thereof, shall be returned to the Producing Party, or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, responses to subpoenas, deposition

transcripts and deposition exhibits. This Protective Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

25. If a Receiving Party is called upon to produce Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information" is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party five (5) business days to object to the production of such Confidential Information or "Highly Confidential – Attorney's Eyes-Only Information," if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

26. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

27. This Protective Order shall be binding upon the Parties hereto, their attorneys, successors, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

96101935.1

28. Should any part of this Protective Order be held unenforceable or in conflict with any laws pertaining to this Protective Order, the validity of the remaining parts or provisions of this Protective Order shall not be affected by such determination.

Date: July 12, 2024

Robert H. King
Brendan I. Herbert
Polsinelli PC
600 Third Avenue
New York, NY 10016
P: (212) 413-2887
E-Mail: rking@polsinelli.com
        bherbert@polsinelli.com
*Attorneys for Defendants Community and FNMA*

Evan Foulke
Foulke Law Firm
55 Main Street
Goshen, NY 10924
P. (845) 294-4308
*Attorneys for Plaintiff John Snellinger*

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.
Dated: 07/12/24

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN SNELLINGER,
                  Plaintiff,

-against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"), BAYVIEW
LOAN SERVICING, LLC, RAMCHAND DEOKI and
SANDHYA DEOKI,
                  Defendants.

Civil Action No.:

7:19-cv-06574-NSR-VR

---

## NON-DISCLOSURE AGREEMENT CONCERNING MATERIAL COVERED BY A STIPULATION AND ORDER OF CONFIDENTIALITY ENTERED IN THE SOUTHERN DISTRICT OF NEW YORK

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the Southern District of New York, Hon. Nelson Roman and the Hon. Victoria Reznik, for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: _____        Signature: _____

                                                                                                   _____
                                                                                                   Type or Print Name
                                                                                                   Title

96101935.1

Date: _____    Signature: _____

_____
Type or Print Name
Title

15

96101935.1