UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SNELLINGER,

                    Plaintiff,

-against-

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("FANNIE MAE"),
BAYVIEW LOAN SERVICING, LLC,
RAMCHAND DEOKI and SANDHYA
DEOKI,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/2025

19-cv-6574 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff John Snellinger ("Plaintiff") initiated this action on July 15, 2019, alleging various state law claims of negligence against Defendants Federal National Mortgage Association ("Fannie Mae"), Bayview Loan Servicing, LLC ("Bayview"), Ramchand Deoki ("Ramchand") and Sandhya Deoki ("Sandhya").

Presently before the Court is Defendants Fannie Mae and Bayview's (both together, "Defendants") Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56. For the following reasons, the Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

Defendants and Plaintiff submitted briefs, Defendants submitted a statement of material fact pursuant to Local Rule 56.1, to which Plaintiff submitted a supplemental response, and the record and exhibits from discovery in the instant proceeding, which reflect the following factual background. The facts are undisputed unless otherwise stated.

Ramchand and Sandhya purchased the property located at 24 Drago Lane, Town of Walkill, New York (the "Property") on or about July 27, 2007. (Defendants' Rule 56.1 Statement of

1

Undisputed Material Facts ("Defs.' 56.1") ¶ 1, ECF No. 191.) The Deokis financed the Property's purchase with a promissory note (the "Note") and mortgage (the "Mortgage"). (*Id.* ¶ 2.) The Deokis assumed responsibility to maintain and protect the Property. (*Id.* ¶ 3.)

On January 5, 2015, the Mortgage was assigned to Fannie Mae. (*Id.* ¶ 4.) The Deokis defaulted on their mortgage, leading Fannie Mae to initiate foreclosure proceedings against them on September 30, 2015. (*Id.* ¶ 5.) Bayview began servicing the Mortgage on Fannie Mae's behalf on June 1, 2016. (*Id.* ¶ 6.) A judgment of foreclosure and sale was issued on December 7, 2016, ordering the sale of the Property at a foreclosure sale to the highest bidder. (*Id.* ¶ 8.) Bayview engaged M&M Mortgage Services, Inc., as part of its servicing responsibilities to Fannie Mae, to conduct property inspections to ensure the Property was safe, secured, and preserved. (*Id.* ¶ 9.) At the foreclosure sale conducted on May 5, 2017, Tuzho Ba, on behalf of Relax Life Media, was the highest bidder for the Property. (*Id.* ¶ 10.)

Bayview did not ever possess, occupy or take control of the Property. (*Id.* ¶ 12.) Bayview never possessed title to the Property. (*Id.* ¶ 13.) At no time did Fannie Mae ever possess title to the Property. (*Id.* ¶ 14.) Neither Bayview nor Fannie Mae entered into a contract with Plaintiff pertaining to the financing of the Property or the Property itself. (*Id.* ¶ 16.)

Plaintiff sustained injuries in an accident on the Property on August 3, 2017. (*Id.* ¶ 17.) The Deokis remained the legal, titled owners of the Property until legal title passed to Tuzho Ba on August 30, 2017. (*Id.* ¶ 17.)

Based on the foregoing, Plaintiff brings state law claims of negligence against the Defendants.

**PROCEDURAL HISTORY**

On July 15, 2019, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 1.) Plaintiff subsequently filed a First Amended Complaint (ECF No. 60), and a Second Amended Complaint ("SAC") (ECF No. 104), the latter being the operative complaint. On January 24, 2025, Defendants filed their Motion for Summary Judgment, along with their memorandum of law in support ("Motion" or "Mot.") and their Rule 56.1 statement. (ECF No. 191.) Plaintiff filed his memorandum of law in opposition to Defendants' motion ("Opp."), along with a supplemental response to Defendants' statement of material facts. (ECF No. 192.) Defendants filed a reply memorandum of law in further support of their motion "(Reply"). (ECF No. 193.)

**LEGAL STANDARD**

A. Rule 56

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides in relevant part, that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack of lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Plaintiff bears the burden of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, including depositions, documents, affidavits, or declarations "which it believes demonstrate[s] the absence

3

of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing ... that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). To oppose summary judgment, "[s]tatements that are devoid of any specifics, but replete with conclusions" will not suffice. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (holding the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (holding the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" (internal quotations and citations omitted)).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Gen. Star Nat'l Ins. Co. v. Universal Fabricators, Inc.*, 585 F.3d 662, 669 (2d Cir. 2009); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008); *Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013). Courts must "draw all rational inferences in the non-movant's favor" when reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not [ ] to weigh the evidence and determine the truth of the matter" or determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250. A court should grant summary judgment when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

**DISCUSSION**

Plaintiff brings state law claims of negligence. While the Plaintiff assert claims against Fannie Mae and Bayview in a single cause of action, Plaintiff's First Cause of Action, the Court addresses them sequentially in the interest of clarity.

### A. Negligence Claims against Fannie Mae

Plaintiff attempts to prosecute a claim of negligence against Fannie Mae, specifically by asserting, in conclusory fashion, that Fannie Mae was "responsible for the condition of the subject property" which Fannie Mae "allowed, permitted and/or caused said property to become and remain dangerous and hazardous." (SAC ¶ 43.)

While such allegations were sufficient for Plaintiff's claims against Fannie Mae to survive 12(b)(6) dismissal, such allegations, when viewed in light of the established record, are not enough for Plaintiff's claims against Fannie Mae to survive summary judgment. Here, it is undisputed that Fannie Mae's sole interest in the Property is as an out-of-possession mortgage holder. (Defs' 56.1 ¶¶ 13, 14.) The record plainly establishes that Fannie Mae neither maintained nor controlled the premises at the time of the accident. (*Id.*) This fact alone is sufficient to award summary judgment in favor of Fannie Mae as to the negligence claims against it; it is clear in this Circuit and under New York state law that where a party is "merely an out-of-possession titleholder to" a property, said party it is not subject to any liabilities arising therefrom. *Bowles v. City of New York*, 154 A.D.2d 324 (1989); *Moran v. Regency Sav. Bank, F.S.B.*, 20 A.D.3d 305, 799 N.Y.S.2d 29 (2005). The Court finds *Moran* particularly instructive; the *Moran* court rested on whether out-of-possession mortgage holders were liable to the *Moran* plaintiff for an accident that occurred on the subject property. The *Moran* court granted summary judgment in favor of the out-of-possession mortgage holders, finding that where the defendants were merely out-of-possession mortgage

5

holders who "neither maintained nor controlled" the property, they were "not responsible" for any injuries sustained therein. *Moran.*, 20 A.D.3d 305 at 306.

Therefore, because it is undisputed that Fannie Mae is an out-of-possession mortgage holder of the Property who neither maintained nor controlled the Property at the time of the accident, Fannie Mae cannot be liable for Plaintiff's injuries sustained in the accident under Plaintiff's negligence theory of relief. *Jackson v. Federal Home Loan Mortg*, No. 95-CV-2657, 1996 WL 1088201 at *2 (E.D.N.Y. July 2, 1996) (recognizing in deciding a motion for summary judgment that an out-of-possession mortgagee is not liable for personal injuries occurring on the property where that mortgagee "never maintain[s], control[s], or reserve[s] the right to reenter the premises"); *accord Moran v. Regency Sav. Bank, F.S.B.*, 20 A.D.3d 305, 306 (N.Y. App. Div. 2005) (affirming trial court's determination on a motion for summary judgment that "out-of-possession mortgage holders who neither maintained nor controlled the premises where plaintiff's alleged accident occurred," were not responsible for personal injury suit). Because there is no dispute of material fact as to whether Fannie Mae was an out-of-possession mortgage holder, and therefore there is no genuine dispute of material fact as to whether Fannie Mae can be liable for the injuries Plaintiff sustained in the accident, summary judgment is therefore appropriate and is granted in favor of Fannie Mae as to Plaintiff's First Cause of Action.

### B. Negligence Claims against Bayview

Plaintiff attempts to hold Bayview liable for his injuries sustained on the Property through a negligence theory. (SAC ¶¶ 42-43, 48.) However, for reasons similar to those undergirding the Court granting summary judgment in favor of Fannie Mae regarding Plaintiff's First Cause of Action, the Court finds that it must also grant summary judgment in favor of Bayview.

The elements of a negligence claim are: (1) a duty owed to the plaintiff by the defendant; (2) breach of that duty; and (3) injury substantially caused by that breach. *Lombard v. Booz–Allen & Hamilton, Inc.,* 280 F. 3d 209, 215 (2d Cir. 2002). Additionally, "[i]f the defendant owes no duty to the plaintiff, the action must fail." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir.), *as amended* (Nov. 23, 2015).

In a negligence case, the injured party "must show that a defendant owed not merely a general duty to society but a specific duty to him or her, for '[w]ithout a duty running directly to the injured party there can be no liability in damages, however careless the conduct or foreseeable harm.'" *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232, *opinion after certified question answered,* 264 F.3d 21 (2d Cir. 2001).

Here, Plaintiff's negligence claim against Bayview must fail for failure to demonstrate that at the time of the accident Bayview owed Plaintiff any duty. Defendants assert that Bayview's servicing of the Property ended on May 5, 2017, long before the August 3, 2017 accident, after the Property was sold to Tuzo Ba, on behalf of Relax Life Media, at the close of a foreclosure sale. (Defs' 56.1 ¶ 11.) In support of this claim, Defendants offer evidence from the record, namely the declaration of Juli Street ("Street"), a consultant and former officer for Bayview. In Street's declaration, Street asserts that Bayview ceased servicing the Property after the foreclosure sale. (Street Decl. ¶ 15.) By offering such evidence in support of Defendants' motion for summary judgment, Defendants satisfy their burden of proof such that Plaintiff is now required to furnish evidence to raise "the existence of 'specific facts showing that there is a genuine issue for trial.'" *Transflo Terminal Servs., Inc. v. Brooklyn Res. Recovery, Inc.*, 248 F. Supp. 3d 397, 399 (E.D.N.Y. 2017).

Plaintiff fails to meet this threshold. Plaintiff, in response to Defendants' evidence, only states that he cannot "admit or deny" whether Bayview did indeed cease servicing the Property on May 5, 2017. (Plaintiff's Response to Defendants' Statements of Undisputed Material Facts and Additional Statement of Material Facts (Pltf.'s 56.1) ¶ 11.) This nonresponse is not sufficient to defeat Defendants' evidence that Bayview stopped servicing the Property on May 5, 2017, as it functions only as a "[c]onclusory statement[], devoid of specifics, [which is] insufficient to defeat a properly supported motion for summary judgment." *Transflo Terminal Servs., Inc,* 248 F. Supp. 3d 397 at 399. Moreover, Plaintiff entirely sidesteps this point in his opposition papers. (Opp. p. 5.) Therein, Plaintiff only describe Bayview's responsibilities that existed while it serviced the Property; crucially, Plaintiff does not address Defendants' argument that Bayview ceased being responsible for the Property on May 5, 2017. (Opp. p. 6.)

Thus, where Defendants have demonstrated that Bayview was not responsible for the Property at the time of the accident, and therefore owed no duty to Plaintiff as needed to state a negligence claim, Plaintiff has "failed to counter this showing with any proof of a [duty owed]." *Transflo Terminal Servs., Inc,* 248 F. Supp. 3d 397 at 399. Because the Plaintiff has not adduced any evidence to rebut Defendants' proof that Bayview was not servicing the Property at the time of the accident, the Court must find there is no dispute of material fact as to whether Bayview owed Plaintiff a duty at the time of the accident, and, accordingly, summary judgment must be granted in favor of Bayview as to Plaintiff's First Cause of Action.

## CONCLUSION

For the foregoing reasons, Defendants Federal National Mortgage Association and Bayview Loan Servicing, LLC's motion for summary judgment is GRANTED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 191, to enter judgment in favor of Federal

National Mortgage Association and Bayview Loan Servicing, LLC, and to terminate Federal National Mortgage Association and Bayview Loan Servicing, LLC from the instant action.

Dated:    June 4, 2025                                    SO ORDERED:
            White Plains, New York

                                                        NELSON S. ROMÁN
                                                  United States District Judge